## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN DEGRAFFINREED, | ) | CASE NO. 5: 07 CV 850 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Petitioner Franklin DeGraffinreed's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF # 1.)

**I.**

On March 9, 2005, a jury convicted Petitioner of one count of bank robbery, in violation of section 2113(a) of Title 18 of the United States Code. Thereafter, on March 16, 2005, this Court ordered Petitioner to serve a sentence of two hundred and forty months of imprisonment, to be followed by three years of supervised release. In addition, the Court ordered Petitioner to pay restitution in the amount of $6,000.00, less any monies recovered, to the victim bank.

Petitioner appealed from the judgment of conviction to the United States Court of Appeals for the Sixth Circuit. In particular, the appeal related to Petitioner's motion to prohibit the government from cross-examining him on three robbery convictions that were more than ten years old. This Court reserved judgment on Petitioner's motion until after it heard Petitioner's testimony on direct examination. Petitioner decided not to testify, however, and the defense rested. On appeal, Petitioner contended that the Court neglected to undertake the balancing analysis required by Federal Rule of Evidence 609(a), which requires it to balance the prejudicial effect of the proffered evidence against its

probative value. To that end, Petitioner argued that this Court should have issued a pretrial ruling on whether evidence of Petitioner's previous robberies would be admissible for impeachment purposes. In a decision issued on May 2, 2006, the Sixth Circuit affirmed this Court's judgment, concluding that Petitioner's failure to testify at trial likewise resulted in his failure to preserve for appellate review the issue of whether his prior convictions could be used.

On March 22, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF # 1.) In the Motion, Petitioner attempts to set forth the following grounds for relief:

> GROUND ONE: Counsel was ineffective for allowing defendant to attend trial while dressed in identifiable jail garb.
>
> GROUND TWO: Counsel was ineffective for failure to file a motion to suppress statement; and evidence seized illegally.
>
> GROUND THREE: Defendant is actually innocent of charged crime.
>
> GROUND FOUR: Counsel was constitutionally deficient by preventing defendant from testifying at his own trial.

(*Id.* at 5-10.) On April 3, 2007, Respondent filed a response to Petitioner's Motion, requesting that the Court dismiss the Motion. (ECF # 3.)

On April 7, 2007, Petitioner filed a Motion to Amend his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. In particular, Petitioner requested that this Court allow him to amend his § 2255 Motion to add a claim that, "Trial counsel was ineffective for failure to adequately consult with [him] during the critical stages of these proceedings (i.e. during pretrial, trial, and post trial)." Three days later, on April 10, 2007, the Court granted the Motion. The Court addresses each

ground for relief raised by Petitioner below.

## II.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## III.

As an initial matter, the Court finds that, to the extent that Petitioner attempts to set forth a ground for relief based upon his contention that the Court should have issued a pretrial ruling on whether evidence of Petitioner's previous robberies would be admissible for impeachment purposes, this issue has already been resolved by the Sixth Circuit Court of Appeals. As set forth above, the

3

Sixth Circuit found that it was indeed proper for this Court to wait until after Petitioner testified to decide the issue, and held that Petitioner's failure to testify at trial resulted in his failure to preserve for appellate review the issue of whether his prior convictions could be used.  As such, Petitioner's Motion shall not be granted on this basis.

The Court next turns to Petitioner's claims of ineffective assistance of counsel.  Petitioner attempts to set forth several grounds for relief on this basis, namely that (1) counsel was ineffective for allowing him to attend trial while dressed in identifiable prison garb; (2) counsel was ineffective for failure to file a motion to suppress his statement and evidence; and (3) counsel was constitutionally deficient by preventing him from testifying at his own trial.  The Court addresses these grounds for relief in turn.

Petitioner's first claim is that his counsel was deficient for allowing him to attend trial in prison clothes.  In order to succeed on this claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. United States*, 466 U.S. 668, 694 (1984).  Because Petitioner fails to affirmatively demonstrate any prejudice to him, and hence fails to show that, but for his counsel's allegedly unprofessional error, the result of the proceeding would have been different, the Court shall not grant relief on this basis.

Petitioner's next claim is that his counsel was ineffective based on his alleged failure to file motions to suppress relating to searches and statements.  The record reflects that Petitioner gave his consent for his vehicle to be searched.  The record likewise reflects that the statements made by Petitioner were given freely at his home, while he was not under arrest and not in custody.

4

Accordingly, Petitioner's counsel had no basis to move to suppress the search or the statements, and Petitioner's Motion shall not be granted on this basis.

Petitioner's third ineffective assistance of counsel claim, that his counsel prevented him from testifying at trial, is unsupported by the record. As Respondent correctly states:

> During defendant's trial his counsel addressed the Court as follows:
>
>> MR. PUTERBAUGH: Your Honor, the defendant indicated to me during the last witness that he would like to testify. As the Court is aware, we did do a pre-sentence, or pre-plea pre-sentence report in this case. I believe it reflects his criminal history correctly. And I have reviewed the criminal history once he informed me that he wishes to testify, and it would appear to me that on page six of that document, I would think that he could be cross-examined by using the convictions that begin at 31, 32, 33, and -well, actually 32 is a misdemeanor and 34 is a misdemeanor, so 31 and 33, which are an aggravated trafficking in Stark County Common Pleas Court and a felony assault, possession of cocaine. (Trial TR at 182, Puterbaugh.)
>
> After the Court informed the defendant that he would not rule on his request to limit cross-examination until after defendant's direct testimony, the defendant, through counsel, said the following:
>
>> MR. PUTERBAUGH: The basis for our objection is that I've discussed this with my client. He believes and I believe that it is too much of a risk in order to have him placed on the stand to do direct examination and then await the Court's determination as to whether or not these prior convictions come in. I believe that if the prior convictions were allowed to come in they would be extremely prejudicial and crucial to our case. So I would just like to state that for the record. (Trial TR at 185, Puterbaugh.)
>
> At no time did defendant indicate to the Court that what his lawyer stated was incorrect. He never alerted the Judge that he desired to testify.

(ECF # 3 at 4-5.) When a tactical decision is made not to have a defendant testify at trial, the defendant's assent and the effectiveness of counsel are presumed. *See Gonzales v. Elo*, 233 F.3d 348, 357 (6th Cir. 2000). This remains true, barring any indication by the defendant at trial that he

5

disagreed with his counsel. *See id.*

In this case, the record is void of any such indication by Petitioner. Because silence on this issue raises the presumption of assent, as well as the presumption of effective assistance of counsel, Petitioner's claim is without merit. The Court shall not grant Petitioner's Motion on this basis.

Petitioner's fourth ineffective assistance of counsel claim, added in an amendment to the original Motion, is that his counsel was ineffective in failing to adequately consult with him before trial, during trial, and after trial. Petitioner claims that his counsel's alleged failure to consult with him resulted in counsel not being adequately prepared to present a proper defense. Petitioner further alleges that he had valuable information to communicate to his counsel, which could have been instrumental in holding the government's case to the "adversarial testing" required by the Constitution. Again, in asserting an ineffective assistance of counsel claim, Petitioner must demonstrate how his counsel's alleged inadequacy directly prejudiced his defense. Because Petitioner fails to demonstrate that, but for his counsel's allegedly unprofessional errors, the result of the proceeding would have been different, Petitioner fails to carry his burden under the applicable legal test for ineffective assistance of counsel. As such, the Court shall not grant Petitioner relief on this basis.

Last, Petitioner claims that newly discovered evidence demonstrates that he did not commit the crime in question. In particular, Petitioner asserts that his penguin-like walk differentiates him from others, and this distinction, which was not mentioned by any of the witnesses at trial, means that another individual must have committed the crime. This claim is unsupported by the record. At trial, two witnesses positively identified Petitioner as the bank robber, without any reliance on his walk as a means for their identification. That is, with or without a penguin-like walk, they recognized sufficient

6

characteristics about Petitioner to swear under oath that he was the individual responsible for the crime. Despite Petitioner's arguments to the contrary, the evidence of a penguin-like walk is not new, nor does it demonstrate his innocence.  As such, Petitioner's Motion shall not be granted on this basis.

## IV.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under 28 U.S.C. § 2255, no evidentiary hearing is required to resolve the pending Motion.  For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

*s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: April 13, 2007