IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | Case No. 5:04 CR 0442 |
| -vs- | ) | JUDGE DONALD C. NUGENT |
| FRANKLIN DEGRAFFINREED, Defendant. | ) | MEMORANDUM OPINION AND ORDER |

This case is before the Court on Franklin DeGraffinreed's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 57). The United States has filed a response. (Doc. No. 60). This is Mr. DeGraffinreed's third motion to vacate.

In 2004, Mr. DeGraffinreed was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. No. 6). In March 2005, a jury returned a guilty verdict against Mr. DeGraffinreed. (Doc. No. 23). The Court sentenced Mr. DeGraffinreed to 240 months of imprisonment, followed by three years of supervised release. (Doc. No. 27). On appeal from his conviction, the Sixth Circuit affirmed the district court's judgment and dismissed the appeal. *United States v. DeGraffinreed*, No. 05-3389 (6th Cir. May 2, 2006).

Mr. DeGraffinreed then filed a timely motion to vacate under 28 U.S.C. § 2255, claiming

ineffective assistance of counsel. (Doc. No. 39). The Court determined that "the files and records in this case conclusively show that Petitioner is entitled to no relief." (Doc. No. 44). Accordingly, the Court denied Mr. DeGraffinreed's § 2255 motion. (Doc. No. 45). Mr. DeGraffinreed did not appeal.

Mr. DeGraffinreed later filed a petition for a writ of mandamus with the Sixth Circuit. (Doc. No. 53). Mr. DeGraffinreed challenged the district court's determination that he was a career offender based on his prior convictions. (Id.). The Sixth Circuit denied the writ. (Doc. No. 54). The Sixth Circuit also denied an additional motion that Mr. DeGraffinreed filed for a successive petition since Mr. DeGraffinreed was raising the same issues that he raised in his first § 2255 motion. *In re: Franklin DeGraffinreed*, No. 11-3470 (Dec. 5, 2011) (order) (Doc. No. 55).

In this, his third § 2255 motion to vacate, Mr. DeGraffinreed seeks to have his sentence vacated in light of *Johnson v. United States*, 135 S. Ct. 2251 (2015).

Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Since Mr. DeGraffinreed has failed to receive authorization from the Sixth Circuit to file this successive § 2255 motion, the motion may not be reviewed by the Court at this juncture. Therefore,

the Clerk of Court is directed to transfer Mr. DeGraffinreed's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date: September 28, 2016